UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80571-CIV-MARRA

SANDRA RIOS,

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Partial Summary Judgment [DE 53]. The Court has carefully reviewed the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff, Sandra Rios, claims injuries resulting from a rear-end automobile collision caused by an under-insured driver on July 13, 2008 [DE 29]. At the time of the accident, Ms. Rios had an insurance policy issued by the Defendant, State Farm Mutual Automobile Insurance Company, which provides underinsured motorist benefits. [DE 51, page 1, ¶ 6]

Plaintiff has moved for partial summary judgment against the Defendant on the grounds that there is no genuine issue of material fact as to Defendant's First, Fifth, Seventh and Eighth Affirmative Defenses. [DE 53].

## II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, as long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477

U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

### III. Discussion

#### A. Defendant's First Affirmative Defense

Defendant's First Affirmative Defense states: "Defendant would show unto the Court that at the approximate times and places alleged, the Plaintiff was guilty of negligence materially and proximately contributing to the accidents and/or the injuries complained of and any recovery by the Plaintiff is diminished or extinguished thereby." In support of her motion for summary judgment relative to this defense, Plaintiff has provided evidence that she was stopped when she was rear-ended [DE 53-1, p. 33]. Plaintiff also noted that the Defendant did not address this affirmative defense in its answers to interrogatories [DE 53-2, No. 6]. At the deposition of the Defendant, the corporate designee refused to answer questions relative to this affirmative defense [DE 39, pp. 67-68]. Plaintiff thus discharged her burden to demonstrate to this Court that there is an absence of evidence to support the Defendant's First Affirmative Defense.  See Celotex Corp., 477 U.S. at 325.

The burden of presenting evidence in support of its First Affirmative Defense thus shifted to the Defendant. Defendant concedes in its Response to Plaintiff's Motion for Partial Summary Judgment that "at this time there is no evidence to suggest that RIOS was negligent in causing the accident" [DE 54, pg. 2], and withdraws that portion of its affirmative defense. Defendant

continues to state:

> However, STATE FARM maintains, as is part of its First Affirmative Defense that RIOS' actions did contribute to her injuries complained of and therefore any recovery by RIOS is diminished or extinguished thereby. STATE FARM continues to contest that accident on July 13, 2008 was the cause of RIOS' alleged injuries. Further, as made evident in STATE FARM'S Motion for Final Summary Judgment, RIOS' actions prejudiced STATE FARM'S ability to fully evaluate her claims. . .
>
> [T]he only issue left relating to RIOS' Motion for Partial Summary Judgment would be whether or not SANDRA RIOS was a proximate cause to the injuries complained of, in which there exists a genuine issue of material fact, which can be seen in the pleadings alone.

[DE 54, pg. 2]. Defendant cites no evidence whatsoever in support of this argument, and has, therefore, failed to meet its burden. Plaintiff's motion as to Defendant's First Affirmative Defense will be granted.

### B. Defendant's Fifth, Seventh, and Eighth Affirmative Defenses

In Defendant's Response to Plaintiff's Motion for Partial Summary Judgment [DE 54], Defendant states that Plaintiff's motion relative to Defendant's Fifth, Seventh, and Eighth Affirmative Defenses is moot as Defendant agrees to withdraw these affirmative defenses in its response. Id. Rather than simply withdraw the enumerated affirmative defenses, however, Defendant has withdrawn each relevant affirmative defense only to the extent described in its response. Without commenting on whether Defendant has, in fact, actually withdrawn all parts of these affirmative defenses, it is sufficient for purposes of Plaintiff's Motion for Partial Summary Judgment to note that Plaintiff has produced adequate evidence in support of her motion as to each of Defendant's Fifth, Seventh, and Eighth Affirmative Defenses [DE 53, pp. 6-9], and Defendant, having produced no evidence to the contrary, has not raised any genuine issues of

material fact.  Thus, Plaintiff's motion as to these defenses will also be granted.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for

Partial Summary Judgment is **GRANTED** pursuant to Fed. R. Civ. P. 56(a).  Plaintiff is entitled

to judgment as a matter of law on Defendant's First, Fifth, Seventy and Eighth Affirmative

Defenses.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 6th day of August, 2012.

_____

KENNETH A. MARRA
United States District Judge